# United States District Court
# District of Massachusetts

KENNETH LEGRICE,
    Plaintiff,

v.                                           CIVIL ACTION NO. 09-10132-RBC

JAMES HARRINGTON,
    Individually and in his capacity as
    Mayor of the City of Brockton,
CITY OF BROCKTON,
WILLIAM K. CONLON,
    Individually and in his capacity as
    Chief of Police for the City of Brockton,
CITY OF BROCKTON POLICE DEPARTMENT,
    Defendants.

## ORDER ON BILL OF COSTS (#77)

COLLINGS, U.S.M.J.

    On June 24, 2010, the jury returned a verdict in favor of the defendants, James Harrington and William K. Conlon, on the claims alleged against them

by plaintiff Kenneth LeGrice.[1] (#75)  On even date, the Final Judgment (#76) entered pursuant to which the defendants were awarded their costs.  A little over two weeks later on July 1, 2010, the defendants filed a bill of costs together with two supporting affidavits. (#77)  At the Court's request, the bill of costs submission was supplemented with an additional affidavit and an invoice on July 12, 2010. (#79)  The plaintiff has filed no objection to the costs sought by the defendants so, at this juncture, the taxation of allowable costs is appropriate.

Pursuant to 28 U.S.C. § 1920(1), the fees of the marshal or process server for service of summons and subpoena are taxable as costs.  The defendants have supported their request for one hundred twenty-nine dollars and ninety-five cents ($129.95) as fees for the service of subpoenas by the Plymouth County and the Bristol County Sheriff's Departments, and that amount shall be taxed.

Next the defendants request reimbursement of the fees incurred for a number of printed or electronically recorded deposition transcripts that were necessarily obtained for use in the case in accordance with 28 U.S.C. § 1920(2). The cost of the plaintiff's deposition transcript is recoverable in the sum of four

---

[1] The claims against the City and the Police Department were dismissed. *See* #76.

hundred and fifty-two dollars ($452.00), as is the cost of Tracy Harrington's deposition transcript in the amount of one hundred two dollars and twenty-five cents ($102.25). However, the costs of the defendants' own deposition transcripts shall not be taxed as they were not "necessarily incurred." The testimony of these individuals, as parties to the litigation, was readily available without the need of deposition transcripts. No special circumstances have been demonstrated, and the costs of deposition transcripts purchased merely for the convenience of counsel shall not be taxed. *See*, e.g., *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1 Cir.), *cert. denied*, 474 U.S. 1021 (1985)("We hold that if depositions are either introduced in evidence or used at trial, their costs should be taxable to the losing party."); *accord The Garshman Company, Ltd. v. General Electric Company, Inc.*, 993 F. Supp. 25, 29 (D. Mass., 1998), *aff'd*, 176 F.3d 1 (1 Cir., 1999).

The only other costs sought to be recouped are those incurred for photocopying. *See* Title 28 U.S.C. § 1920(4). A total of three hundred twenty-seven dollars and forty-eight cents ($327.48) is requested for copying costs related to trial documents and exhibits, and that amount shall be taxed.

For the reasons stated it is ORDERED that a total of one thousand eleven

dollars and sixty-eight cents ($1011.68) be, and the same hereby is, TAXED as the costs of litigation.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

July 26, 2010.